# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**JOHNNY LEE FOSTER**                                                            **PLAINTIFF**

**v.**                            **NO. 4:17-CV-200-BRW-BD**

**COMMISSIONER,**
**Social Security Administration**                                       **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Any party may file written objections to this Recommendation. Objections must specifically explain the factual or legal basis for the objection. To be considered, objections must be received by the Clerk of Court within 14 days of this Recommendation. By not objecting, parties may waive the right to appeal questions of fact.

## I. Background:

Johnny Foster applied for social security disability benefits alleging a disability onset date of August 4, 2014. (R. at 150). After a hearing, the administrative law judge ("ALJ") issued a decision denying the application. (R. at 112). The Appeals Council denied review, making the ALJ's decision the final decision of the Social Security Administration. (R. at 1). Mr. Foster has now filed this lawsuit requesting judicial review.

## II. The Commissioner's Decision:

The ALJ found that Mr. Foster had the following severe impairments: posttraumatic stress disorder and major depressive disorder. (R. at 104). The ALJ found,

however, that Mr. Foster's right-shoulder rotator cuff tear, mild degenerative disk disease, and obesity were not severe impairments. (R. at 105). After considering all of Mr. Foster's impairments, the ALJ found that Mr. Foster had the residual functional capacity ("RFC") to work at all exertional levels, so long as the job requirements were limited to simple, routine, and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors, and the general public. (R. at 107).

A vocational expert ("VE") testified that, with this RFC assignment, Mr. Foster could not perform his past relevant work. (R. at 110). The VE further testified, however, Mr. Foster could perform other jobs, such as hand packager, warehouse checker, and printed circuit board checker. (R. at 111). Based on this testimony, the ALJ found that Mr. Foster was not disabled. (R. at 112).

## III. Discussion:

The Court is tasked with reviewing the record to determine whether substantial evidence on the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).

Mr. Foster contends that the ALJ erred in finding that his rotator cuff tear and degenerative disk disease were non-severe impairments and objects to the ALJ's conclusion that the medical evidence did not support a finding that these impairments

caused significant pain and functional limitations. He also challenges the weight the ALJ afforded the medical opinions in the record.

As an initial matter, Mr. Foster complains that the Appeals Council did not review the medical records he provided after the initial decision. The contention is mistaken. He notes that the Appeals Council purported to look at medical records from Central Arkansas HCS dated February 17, 2016 through March 11, 2016 totaling 180 pages, but erroneously identified the evidence as covering a period from October 21, 2014 through February 16, 2016. (R. at 2, 5).

There is no inconsistency. The HCS records from February 17, 2016 through March 11, 2016 are found in the record at pages 19–98. These records were not considered by the Appeals Council because they cover a period after January 25, 2016, the date of the ALJ's decision and are, therefore, not relevant to the claim at issue in this case.

Medical records from October 21, 2014 through February 16, 2016, which cover a time period that is relevant to Mr. Foster's application in this case, were properly considered. See Exhibit 14F. The letter and order from the Appeals Council accurately reflect the status of these separate portions of Mr. Foster's medical records from Central Arkansas HCS records.

Mr. Foster next argues that the ALJ erred by finding that his rotator cuff tear and degenerative disk disease were not severe impairments. He maintains that MRIs of his back and shoulder establish a severe impairment.

An MRI of Mr. Foster's back revealed mild-to-moderate facet arthropathy and ligamentum thickening at all lumbar levels; mild diffuse disk bulge at L3–L4, L4–L5, and L5–S1; no significant thecal sac compression; and minimal-to-moderate narrowing of the neural foramina from L3–L4 to L5–S1. (R. at 2101). An MRI of his shoulder revealed tears in the supraspinatus tendon, infraspinatus, and subscapularis; a subchondral cyst at the anterior superior glenoid margin; and moderate fatty atrophy of the infraspinatus muscle belly. (R. at 1974–75).

While these findings firmly establish the existence of degenerative disk disease and a rotator cuff tear, such a finding, standing alone, does not establish disability. A diagnosis, standing alone, does not equal a disabling condition. *See, e.g., Jones v. Astrue*, 619 F.3d 963, 972 (8th Cir. 2010). Mr. Foster's medical records do not describe disabling symptoms caused by the conditions revealed by the MRIs; nor do they show that the diagnoses caused severe limitations within the meaning of Social Security regulations.

To the contrary, Mr. Foster's medical records give no indication that he was limited from physical activities as a result of these conditions. His physical therapist recommended stretching exercises and noted *no physical limitations*, but rather, suggested that Mr. Foster should exercise and follow his exercise program through any discomfort he might experience. (R. at 1851–52).

Inge Carter, M.D., a consultative examiner, noted Mr. Foster's shoulder pain with lifting, as well as a reduction in right-shoulder forward elevation range-of-motion and slightly reduced grip strength. (R. at 834–37). Dr. Carter found no reduction in range of

motion in Mr. Foster's back. (R. at 836). Based on her examination, Dr. Carter opined that Mr. Foster had no physical limitations. (R. at 838).

Mr. Foster objects to Dr. Carter's opinion, arguing that it is inconsistent to find a reduction in shoulder range-of-motion, yet no physical limitations. As the Commissioner observes, Mr. Foster does not point to any evidence of functional limitations attributable to these findings.

The ALJ did give great weight to the State Agency doctors, who did not review all of the evidence in the record. (R. at 105). Such opinions are not entitled to great weight, and the ALJ erred in giving such weight to the State Agency opinions. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000).

Nevertheless, this error was harmless. The most damaging evidence, from Mr. Foster's point of view, comes from his own statements. On December 1, 2015, Mr. Foster told a social worker that he had no physical limitations that would prevent him from working. (R. at 2060). A nurse practitioner recommended on that same day that Mr. Foster be released to participate in a working environment. (R. at 2060). Further, Mr. Foster successfully completed job training until March 1, 2016, whereupon he began a full-time job search. (R. at 87).

An ALJ may properly consider actions that are inconsistent with claims of disability to discount a claimant's credibility. *Chaney v. Colvin*, 812 F.3d 672, 677 (8th Cir. 2016). Mr. Foster's pursuit of employment, though commendable, and his statements that he was able to work are inconsistent with a claim of disability.

## IV. Conclusion:

The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the Commissioner's decision should be AFFIRMED.

DATED this 15th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE